

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Lower Colorado River Authority
Austin, Texas

Gentlemen:

Opinion No. O-3257
Re: Validity of sales con-
tract containing provi-
sion for prorating taxes.

　　　　Your letter of March 10, 1941, advises that the
Authority has entered into a purchase sales contract with
the Central Power & Light Company, dated as of June 19, 1940,
which contract provides that the 1941 ad valorem, gross re-
ceipts, and pole rental taxes shall be prorated and adjusted
"so that the Company shall be obligated to pay only the tax
apportionable to the part of the calendar year which shall
have elapsed prior to said closing date." You advise that
the purchase sales contract mentioned will be consummated on
March 15, 1941, and that at that time the parties to the
contract propose to enter into a closing contract which will
provide in substance as follows:

　　　　"The Company having paid to the Authority
　　its prorated part of ad valorem taxes, gross re-
　　ceipts taxes and pole rental taxes for the year
　　1941 upon the property conveyed, the Authority
　　agrees to indemnify and save harmless the Company,
　　its successors and assigns, from and against the
　　imposition and/or payment of any of said taxes
　　for the year 1941 upon all of the properties for
　　which proration of taxes has been made as afore-
　　said."

　　　　You advise that the question has been raised as to
whether this agreement upon the part of the Authority would
be valid, in view of our letter of November 22, 1940.

　　　　Our letter of November 22, 1940, related to an en-
tirely different situation. There, your Authority was desirous of
assisting certain counties, school districts and municipalities

by voluntarily assuming the obligation to compensate such counties, school districts and municipalities to the extent of the amount of taxes formerly paid them on properties belonging to the Texas Power & Light Company and conveyed by said company to the Authority by deed dated September 1, 1931.

.The Act creating the Authority confers upon it the right to acquire, by purchase, any and all property of any kind, real, personal or mixed, within or without the boundaries of the district, necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon the Authority by the Act. The agreement involved in the instant case is an execution of such power, and the agreement relating to the prorating of taxes upon the properties purchased for the year 1941 has to do with the consideration to be paid for the properties purchased, affording, in effect, a measure by which a certain portion of the consideration to be paid for the properties by the Authority is to be determined. The element of gratuitous payment, involved and considered in our letter of November 22, 1940, is absent in this situation. It is our opinion that the Authority has the power to enter into the agreement for prorating the taxes, upon the properties to be acquired by purchase by the Authority from the Central Power & Light Company, for the year 1941.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  R. W. Fairchild

R. W. Fairchild
Assistant

RWF:db

MAY 14, 1941


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN